UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES E. "BUTCH" HUEY                                                   PLAINTIFF

V.                                         CIVIL ACTION NO.1:08CV63-JAD

HYUNDAI WELDING PRODUCTS, INC.                             DEFENDANT

## MEMORANDUM OPINION

The plaintiff James E. Huey filed this suit claiming that his former employer, Hyundai Welding Products, Inc., fired him in order to avoid the expense of continuing health insurance coverage for him. He claims his insurance was deemed too costly because of his age. By discharging him he claims Hyundai violated his rights under the Employee Retirement Income Security Act (ERISA). Hyundai claims he was fired because of poor sales performance. The defendant has filed a motion for summary judgment. Both sides have submitted evidentiary materials in support of and in opposition to the motion.

## SUMMARY JUDGMENT STANDARDS

Summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265(1986)). If the party with the burden of proof cannot

produce any summary judgment evidence on an essential element of his claim, summary judgment is required. *Geiserman v. MacDonald,* 893 F.2d 787, 793(5th Cir. 1990).

The moving party must make an initial showing that there is no dispute of material fact or that there is a failure of proof of an element of the claim. If this showing is made, the nonmoving party must go beyond pleadings and submit specific evidence showing that there are one or more genuine issues of fact to be resolved by trial. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(emphasis omitted). While all facts are considered in favor of the nonmoving party, including all reasonable inferences therefrom, *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995), the nonmovant's burden, " is not satisfied with 'some metaphysical doubt as to the material facts,'" *Matsushita,* 475 U.S. at 586, 106 S. Ct. at 1356, by 'conclusory allegations,' *Lujan,* 497 U.S. at 871-73, 110 S.Ct. at 3180, by "unsubstantiated assertions," *Hopper v. Frank,* 16 F.3d 92 (5th Cir.1994), or by only a "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir.1994). *Little v. Liquid Air Corp.* at 1075.[1]

"A dispute regarding a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d. 202(1986). Summary judgment is appropriate if "critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Armstrong v. City of Dallas,* 997 F.2d 62 (5th Cir.1993). If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted.

---

[1] Quoting from *Matsushita Electric Indus.Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed. 2d 538(1986) and *Lujan v. National Wildlife Federation*, 497 U.S. 871, 110 S.Ct. 3177, 111L.Ed.2d 695(1990).

Under ERISA it is unlawful for an employer to discharge or discriminate against any participant under a plan for the purpose of "interfering with the attainment of any right to which such participant may become entitled under the plan." 29 U.S.C.§ 1140. The plaintiff is required to produce evidence sufficient to establish each element of his a prima facie case that the defendants fired him with a specific discriminatory intent to violate this act. *Unida v. Levi Strauss & Co.*, 986 F.2d 970,979-80 (5th Cir. 1993). This specific intent must be proven with positive evidence. Speculation and conclusory allegations are insufficient. *Stafford v. True Temper Sports*, 123 F.3d 291, 295-96 (5th Cir. 1997)

These standards have been applied in evaluating the evidence of record in support of and opposition to the motion for summary judgment.

## ANALYSIS

The defendant Hyundai Welding Products, Inc. has filed its motion for summary judgment asserting that the plaintiff has failed to produce evidence sufficient to establish a prima facie case that his discharge was motivated by a desire to interfere with his rights under the ERISA. Alternatively, the defendant contends that he has failed to adduce evidence to rebut the articulated legitimate nondiscriminatory reason for discharging him.

The plaintiff was employed as a salesman by the defendant from December 5, 2005 until October 25, 2006. The defendant claims that he was terminated because of substandard, unacceptable sales production. The plaintiff claims that while his sales performance was poor and not consistent with a performance plan for the year, that low sales were anticipated at the time he was hired. He was told at the time of his employment it would take 18 months to two years to build the territory to the point where he would draw any commissions. He claims that he was not provided with promised support and training. He claims that his sales performance was not criticized until the month preceding his termination and that it was a pretext but not the

cause of his firing and that the real reason for his discharge was Hyundai's desire to avoid the cost of his health insurance.

The plaintiff claims that approximately 6-8weeks prior to his termination there were a series of some phone calls between him and his immediate supervisor, Mr. Charles Broomfield, and Mr. Broomfield's assistant, Mr. Park, an operations manager. Specifically Huey claims that Park initially contacted him and asked him his age. Huey refused to answer the question and suggested that Park speak to Mr. Broomfield who might provide him with this information. A few days later Park called him again to inquire about his age. The plaintiff again refused to tell him and again referred him to Broomfield. The following day Broomfield called the plaintiff and asked for his date of birth. The plaintiff inquired as to why they needed his date of birth. He asserts that Broomfield said the company probably wanted to send him a birthday card. He volunteered the month and date. Brumfield insisted on being provided with the year that both he and his wife were born at which point the plaintiff provided this information. He claims that the following day Park called him again regarding his date of birth. Huey asked Park why the company was so obsessed about his age and Park reportedly told him "We are having trouble getting reasonably priced insurance because of your age." Both Broomfield and Park deny that these conversations took place. The defendant claims there was no need to call Huey to get this information as it was in Huey' personnel file. Huey explains these telephone calls by asserting that his date of birth was not in an obvious place in his file, but only on a form proving that he had a valid driver's license and thus could have been overlooked in his personnel file.

Huey claims that within a couple of weeks after these conversations he received an e-mail from Broomfield which he claims was the first indication that there was dissatisfaction with his sales performance. This e-mail was dated September 28, 2006. He asserts that in response to

this e-mail he changed his strategy from attempting sales through distributors to attempting to make direct sales. Plaintiff claims that he had a number of sales that were in the process of breaking when he was discharged on October 25 or October 28 of 2006. The stated reason for his discharge was his unacceptable sales performance. He was discharged by Broomfield who had also hired him initially. Because the same person hired and fired the plaintiff, the defendants are entitled to the presumption that there was no discriminatory animus. *Brown v. CSC Logic, Inc.*, 82 F.3d 651 (5th Cir. 1996).

The parties are not in agreement as to the exact quantum of proof required of Huey to establish a prima facie case for summary judgment purposes, nor the quantum of proof necessary to overcome the presumption that Broomfield lacked the required animus and that the proffered reason for his discharge is a pretext. The plaintiff admits that he must at least present evidence showing that he was a member of a protected group, qualified for the position he held, and discharged under circumstances from which an inference could be drawn that his discharge was motivated by unlawful discrimination. If Huey's version of the facts above stated are accepted a jury might find in his favor. However, the court finds that in light of other undisputed evidence presented by the defendant that Huey's testimony will not support a judgment in Huey's favor on the question of whether he was the victim of discrimination. The defendants have produced phone records for Huey's cell phone for August and September of 2006. They have verified by affidavit the phone numbers from which any calls from Park or Broomfield to Huey would have originated. According to the plaintiff's testimony, the series of four phone calls would have been between approximately August 30 and September 13, 2006. The record show one phone call being placed on August 31, 2006. The next phone calls are on September 26 and 27th which would have been well outside of the time frame given by the plaintiff. In light of the record

showing only one telephone contact during the time frame rather than four, no reasonable jury would accept Huey's testimony. *White v. Omega Protein Corporation*, 39 F.Supp. 2d 604, 609 (S. D. Tex. 2005); aff'd, 226 Fed. Appx. 360 (5th Cir. 2007) ("Although the Court must construe all facts in favor of Plaintiff, it is not required to accept as true a statement that no reasonable person would believe."). Citing *Seshadri v.Kasraian*, 130 F.3d 798,802 (7th Cir. 1997)

In the absence of this testimony about this sequence of telephone calls, the record shows Huey's admittedly poor sales which even he deemed unacceptable. The record also establishes that he did not have the highest insurance cost among Hyundai's employees. No one was hired to replace him. His discharge in late October was well after the previous annual increase in insurance rates in May of each year, and well before they would have been advised of increases for 2007. Huey complains that he was not provided with the support and training promised to him, nor given fair warning of any dissatisfaction with his sales performance. He claims that his sale strategy set by his employer was to concentrate on sales to distributors. He was only told to shift his strategy to direct sales in the end of September and then not given adequate time to build sales in that area before his discharge. These complaints may give rise to an inference that his treatment may have been 'unfair' or that his discharge may even have been ill advised, but it is not sufficient to an inference that the employer's actions were motivated by a desire to interfere with his ERISA rights.

This plaintiff has failed to adduce evidence sufficient to establish an element of his prima facie case. He has not produce evidence to rebut the nondiscriminatory explanation provided by the employer. There is no dispute of material facts to be submitted to the jury on the question of intentional discrimination with Huey's right to receive health insurance benefits pursuant to the

ERISA. The court, therefore, finds that the motion for summary judgment should be granted defendant and that this action should be dismissed with prejudice. A separate order will follow.

This the 15th day of September, 2009.

/s/ JERRY A. DAVIS_____
UNITED STATES MAGISTRATE JUDGE